## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MADYUN ABDULHASEEB,<br>a/k/a/ JERRY THOMAS,  DOC #85779, | )<br>) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-03-937-W |
| | ) | |
| TERRY JENKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed a petition for a writ of habeas corpus pursuant 28 U.S.C. § 2241, based on his challenge to information considered by the Oklahoma Pardon and Parole Board (Board) in a parole hearing conducted in August 2000.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  A response to the petition has been filed, as well as a reply, and thus the case is at issue.  For the reasons set forth herein, it is recommended that the petition be denied.

Background

Beginning in January 1981 Petitioner was incarcerated pursuant to his conviction of second degree burglary after former conviction of a felony in Case No. CRF-81-1781, District Court of Oklahoma County, for which he was sentenced to 75 years of imprisonment.  Response, Ex. A at 1 (Journal Entry regarding Petitioner's Mandamus action, Oklahoma County District Court, Case No. CJ-2000-5583, dated February 20, 2003).  On May 29, 1991, Petitioner was paroled from this sentence to begin serving a 25-year sentence for second degree burglary after former conviction of two or more felonies

in Case No. CRF-81-1815, District Court of Oklahoma County. *Id.* In August of 1999 the Board recommended that Petitioner be paroled from this sentence to begin serving a consecutive sentence in Case No. CRF-81-1815, but the recommendation was denied by the Governor of the State of Oklahoma. *Id.* at 1-2. Petitioner was again considered for parole from this sentence during an August 2000 hearing, but the Board did not recommend parole. *Id.* at 2. Petitioner subsequently discharged the 25-year sentence in Case No. CRF-81-1815 and was re-billed to his consecutive 150-year sentence for first degree rape in that case on June 4, 2001. *Id.* at 2.

Petitioner raises four grounds for habeas relief, all of which challenge the legality and/or accuracy of the information included in his record at the time of his August 2000 parole hearing. Petitioner alleges in Grounds One and Two that Board members, Respondents Jenks and Daniels, exceeded their authority and violated his due process rights by relying on false information contained in the parole investigation report, specifically, his juvenile criminal history and certain convictions and sentences that had been modified or vacated. In Ground Three Petitioner alleges that in denying his request to "commute" his sentence, Respondents used information protected by certain Oklahoma statutes relating to confidentiality of juvenile court records and criminal history. In Ground Four Petitioner alleges that Respondents failed to follow the Board's rules, regulations and procedures. As relief, Petitioner seeks an order from this Court directing the Board to remove the following information from his parole investigation report: (1) Petitioner's juvenile criminal history information; (2) certain criminal convictions from the violent crimes section of the parole investigative report (specifically,

2

a "documented 2nd degree rape charge and first degree burglary charge"); (3) his five juvenile escapes; (4) two juvenile incarcerations; (5) information regarding Petitioner's substance abuse problem; and (6) information that Petitioner was on level 1 when he went before the Board in August 2000. *See* Doc. No. 7 at 1-2.  Petitioner further seeks an order from this Court directing the Board to (a) follow its own rules and regulations and (b) "conduct a rehearing for Petitioner . . . without the prejudicial information in the August 2000 hearing on Petitioner's request to have his sentences run concurrently." *Id.* at 2.[1]

Petitioner filed an application for a writ of mandamus in Oklahoma County District Court on July 8, 2002, pursuing the same claims and essentially requesting the same relief sought in his habeas petition. The state district court found that "Petitioner has no vested liberty interest in parole or a parole hearing" and that "the actions of the [Board] are clearly discretionary."  Response, Ex. A at 3 and 4.  The court concluded that Petitioner's request for "an order for a special commutation hearing, mandatory injunctive relief, and an audit of his parole investigation report is without merit" and held that Petitioner had "failed to show that a clear legal right exists and is vested in him, that the Respondents have refused to perform a plain legal duty which does not involve the exercise of discretion, and that the requested relief may only be obtained through granting the Writ." Response, Ex. A at 4-5.  That decision was affirmed by the Oklahoma Court of Civil Appeals. *See* Petition, attached Oklahoma Court of Civil Appeals Opinion,

---

[1]United States District Judge Wayne E. Alley specifically found that the type of relief requested by Petitioner could be provided by the Court in the context of a habeas action.  Order [Doc. 11] at 3-4.

dated June 6, 2003; *see also Abdulhaseeb v. Jenks*, Case No. SD-98964, Oklahoma State Courts Network (OSCN), available at: <http://www.oscn.net/applications/ocisweb/ GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=848 35&db=Appellate> (accessed December 14, 2004).

Respondents contend that Petitioner is not entitled to habeas relief on his due process claims because he cannot establish that he has a protected liberty interest in parole or a parole hearing.

<u>Discussion</u>

I. <u>Timeliness Under 28 U.S.C. §2244(d)(1)(D)</u>

In a previous Report and Recommendation, the undersigned noted that Petitioner's claims appeared to be untimely pursuant to the limitation period set forth at 28 U.S.C. § 2244(d)(1)(D).  *See* Report and Recommendation [Doc. No. 9] at 4-5. The undersigned concluded, however, and Judge Alley agreed, that the date on which Petitioner asserted that he could have with due diligence discovered the factual predicate for the alleged errors in the August 2000 parole hearing - "summer of 2001" -  was not sufficiently precise to determine whether Petitioner's claims were timely.  *Id.;* Order [Doc. No. 11].

Subsequently, in his reply to Respondents' response, Petitioner attached a letter written to Terry Jenks on May 15, 2001, requesting an audit of the 2000 parole investigator's report based on the same claims raised here.  *See* Petitioner's Reply to Respondents' Response to Writ of Habeas Corpus (Petitioner's Reply), "Attachment L." Since Petitioner clearly knew of the factual predicate for his habeas claims on May 15,

2001, the habeas petition signed on July 5, 2003, was untimely.[2] Petitioner does not deny that the petition is untimely but contends that Respondents have waived any statute of limitations defense by failing to raise it in their response, and he asserts the Court should not consider the issue *sua sponte*. *Id.* at 1-4.

The Tenth Circuit has held that the statute of limitations set forth in § 2244(d) is not jurisdictional. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling"). And in an unpublished decision, the Circuit Court has noted that the § 2244(d) limitations period may be waived. *See Davis v. LeMaster*, No. 99-2161, 2000 WL 702408, at *1 n.2 (10th Cir. May 26, 2000)[3](noting that review of the record reflected that petitioner's federal habeas petition was untimely filed under 28 U.S.C. § 2244(d)(1) and finding that "[b]ecause the limitations period was not raised, the issue is waived"). Based on the record in this case, the undersigned agrees with Petitioner that Respondents have waived a statute of limitations defense.

Although the Tenth Circuit has not addressed the issue, some courts have held that a court has the authority to *sua sponte* assert the statute of limitations defense notwithstanding a respondent's waiver of the defense. *See e.g., Long v. Wilson*, __F.3d__, 2004 WL 2997890 (3d Cir. Dec. 29, 2004) ("Having in mind that AEDPA's statute of

---

[2]As Petitioner did not file his application for a writ of mandamus in the Oklahoma County District Court until July 8, 2002, the state proceedings did not toll the one year limitation period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2000).

[3]This unpublished decision and others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

limitations, like other procedural habeas issues, furthers the principles of comity, finality, and federalism, . . . we hold further that a federal magistrate judge may, consistent with *Robinson v. Johnson*, 313 F.3d 128 [(3d Cir. 2002)],[4] raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed") (citing *Granberry v. Greer*, 481 U.S. 129, 134- 35 (1987)); *Day v. Crosby*, 391 F.3d 1192, 1195 (11th Cir. 2004) (holding that a concession of timeliness by the state that was patently erroneous did not compromise the authority of district court *sua sponte* to dismiss a habeas petition as untimely under AEDPA; the purposes of the AEDPA were fulfilled by enforcing its limitation period); *but see Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004) (holding that district court lacks authority to *sua sponte* dismiss a habeas petition as time-barred after the state files an answer which fails to raise the statute of limitations defense); *Scott v. Collins*, 286 F.3d 923, 931 (6th Cir. 2002) ("A district court's ability to dismiss a habeas petition *sua sponte* as an initial matter (after giving the petitioner notice and an adequate opportunity to be heard) does not amount to a power to cure *sua sponte* a party's waiver of an affirmative defense.").

Rather than decide whether this Court may raise the limitations defense *sua sponte* despite Respondents' waiver of such defense, the undersigned recommends that the petition be denied on the merits for the following reasons.

---

[4]In *Robinson v. Johnson*, the Third Circuit noted that a state could waive AEDPA's statute of limitations "if not pleaded in the answer . . . [or] raised at the earliest practicable moment thereafter." *Robinson*, 313 F.3d at 137.  However the Court concluded that in that case, the initial response challenging the petition on successive grounds was the equivalent of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(6), and the affirmative limitations defense, which was raised after the Third Circuit found that the petition was not a successive petition and remanded the matter, did not need to be raised contemporaneously. *Id.* at 139.

II.     Merits of the Petition

    A. Standard of Review

    In a Section 2241 proceeding the Court grants relief only when a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Here, Petitioner's claims were adjudicated on the merits by the state courts. Thus, on federal habeas review, deference must be given to the state courts' determination of the issues raised. *See Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001) ("Although we analyze Mr. Henderson's claim under § 2241, we still accord deference to the [Oklahoma Court of Criminal Appeals'] determination of the federal constitutional issue.") (citing 28 U.S.C. § 2254(d)(1)); *see also Powell v. Ray*, 301 F.3d 1200, 1201 (10th Cir. 2002) (10th Cir. 2002) (construing challenge of the implementation of the Oklahoma Truth in Sentencing Act as arising under § 2241 and according deference to the state courts' determinations on the federal constitutional issue") (citing *Henderson*, *supra*); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (discussing "comity and deference to state adjudicatory procedures" in the context of § 2241); *Caserta v. Kaiser*, No. 00-6108, 2000 WL 1616248, at *3 (10th Cir. Oct. 30, 2000) (in habeas challenge to prison disciplinary conviction, some evidence supported disciplinary conviction and state courts' adjudication of the issue was neither wrong nor improper); *Still v. Klinger*, No. 98-6227, 1999 WL 569058 (10th Cir. Aug. 4, 1999) (applying § 2254(d) standard to petitioner's challenge to elimination of certain early release programs by the Truth in Sentencing Act).

B.  <u>Petitioner's Procedural Due Process Claims</u>

Petitioner alleges in all four grounds for relief that his due process rights were violated by the manner in which the Board considered his record during the August 2000 hearing.  Specifically, he claims that (1) the Board improperly relied on false information and inappropriate juvenile criminal history information in the parole investigation report,[5] and (2) the Board failed to follow its own rules, regulations and procedures. Petition at 6-7.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1978).  A state may, however, create a liberty interest by including mandatory language in a parole statute which limits the parole board's discretion or otherwise creates a presumption of release.  *Id.*[6]  Both the Tenth Circuit Court of Appeals and the Oklahoma Supreme Court have found that the Oklahoma parole statutes do not create a liberty interest in early release.  *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma statutory scheme . . . does no more than create a parole system, which in the Supreme Court's view as expressed in *Greenholtz* does not

---

[5]Petitioner claims that the investigative report submitted to the Board contained highly prejudicial and false information regarding his juvenile criminal history, juvenile incarcerations, escapes, an arrest in 1961 for second degree rape from which he was exonerated, and a first degree burglary conviction in 1962 that was reduced to second degree burglary and later vacated.  Petition at 6-7.

[6]The Court in *Greenholtz* held that Nebraska parole statutes establish a liberty interest protected by due process because the statutes provide that the Board of Parole "shall" release an inmate unless one of four designated reasons is found.  *Greenholtz*, 442 U.S. at 11.

establish a liberty interest);[7] *Maghe v. Koch*, No. 96-7060, 1997 WL 76014, at *3-4 (10th Cir. Feb. 24, 1997) (citing *Greenholtz* and affirming dismissal of a § 1983 complaint because Oklahoma law created no liberty interest in parole); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectible liberty interest in Oklahoma parole....No due process strictures can be applied to test the permissible parameters of the parole process").

Petitioner concedes that "the Oklahoma parole statute is framed in discretionary terms" and that he has no liberty interest in parole. Petitioner's Reply at 6. Nonetheless, citing a case from another circuit, he alleges that the Board exceeded its authority and misapplied Oklahoma statutory authority and Board policies arbitrarily and capriciously.[8]

---

[7]In *Shirley v. Chestnut*, several Oklahoma inmates brought an action for declaratory and injunctive relief regarding the state parole process. The inmates contended that they were entitled to certain due process protections, specifically, published criteria for parole release, access to inmate file information, right to subpoena witnesses for parole hearings and written reasons for the denial of parole. The Tenth Circuit held that since there is no liberty interest in parole and since the Oklahoma statutes did not create such an interest, the Board was not required to provide the inmates with the due process procedures they requested. *Shirley*, 603 F.2d at 807.

[8]In support of his argument that the Board violated state law, Petitioner has submitted an affidavit averring that "in [his] opinion," certain sections of the Oklahoma Children's Code and the Oklahoma Juvenile Code preclude the inclusion of his juvenile record in the parole investigation report and the consideration of such information by the Board. Petitioner's Reply, Attachment B (Plaintiff's Affidavit, dated January 26, 2003); *see also* Petition at 7. However, the copies of the relevant Oklahoma statutes submitted and relied upon by Plaintiff simply mandate that juvenile records are confidential and "shall not be open to the general public, or inspected or their contents disclosed." *See* Petitioner's Reply, Attachment A (Okla. Stat. tit. 10, § 7307-1.2) and Attachment K (Okla. Stat. tit. 10, §§ 7005-1.1, 7005-1.2, 7005-1.3). There is no evidence that these statutes, or the former versions of these statutes, preclude the Board's consideration of such information in determining whether to recommend that an inmate be paroled, nor does Petitioner allege that the Board disclosed such information to the public. *See Schuemann v. Colo. State Bd. of Adult Parole*, 624 F.2d 172, 174 (10th Cir. 1980) (""In making predictive appraisals, parole boards should have available to them a wide panoply of information concerning the parole applicant.")

Additionally, Petitioner argues that the Board violated Board policies by considering information concerning his juvenile criminal history and convictions that had been "vacated." Petition at 7 (citing Board Policy and Procedures 001, 006-2, 006-4, 007and 009). The investigative report appears to accurately list Petitioner's valid prior felony convictions, noting that certain convictions and sentences had been modified or vacated as a result of post-conviction relief. Petitioner's Reply, Attachment C; *see also id.*, Attachment O, Oklahoma County District Court Consent Decree for Orders Granting Post-Conviction Relief, dated April 14,

(continued...)

*Id.* (citing *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991)).  In *Monroe,* the Eleventh

Circuit Court of Appeals found that the state parole board's use of admittedly false

information constituted a violation of Due Process.  *Monroe*, 932 F.2d at 1442 (remanding

with instructions that the district court order the false information expunged from

Monroe's prison record).  The *Monroe* case is inapplicable to Petitioner's claims, first

because this case is distinguishable on the facts.  Unlike the *Monroe* case, Respondents

in this case have not admitted that Petitioner's record contained false information, nor

does the record support any such finding.  Moreover, the undersigned agrees with the

Fifth Circuit Court of Appeals' assessment of *Monroe* (and a Fourth Circuit case - *Paine*

*v. Baker*, 595 F.2d 197 (4th Cir. 1979) - which also found a limited due process right to

have false information removed from prison records):

> It is our view that the procedural Due Process protections created in *Monroe*
> and *Paine* are in essence inconsistent with subsequent precedent in their
> circuits and that both Cases have thus been effectively overruled.
> Whatever the viability of these anomalous cases today, our precedent is
> definite and precise on this point: in the absence of a cognizable liberty
> interest, a state prisoner cannot challenge parole procedures under the Due
> Process Clause.

*Johnson v. Rodriguez,* 110 F.3d 299, 308, n. 13 (5th Cir. 1997).

Tenth Circuit precedent is clear that absent a liberty interest in parole, there is no

entitlement to due process protections.  *See Shirley v. Chestnut*, 603 F.2d at 807; *Malek*

*v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (holding the Utah parole statute "does not

create a liberty interest entitling [Utah prisoners] to due process protection under the Fifth

---

[8](...continued)
1980.  Moreover, Petitioner points to no regulation which restricts the Board's consideration of information
regarding violent behavior or a juvenile record.  *See Schuemann, supra.*

and Fourteenth Amendments to the United States Constitution and thus cannot be used as a basis for relief under § 1983"); *Jones v. Hannigan*, No. 00-3099, 2001 WL 20789, *2 (10th Cir. Jan. 9, 2001) ("[U]nless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness.") (quoting *O'Kelley v. Snow*, 53 F.3d 319, 321 (11th Cir. 1995)). Petitioner has cited no change in the broad discretion granted to the Board by the Oklahoma parole statutes in considering whether a prisoner should be released on parole. *See Herrera v. Hawkins*, No. 93-6101, 1993 WL 43624 (10th Cir. Oct. 29, 1993) ("no amendments to the Oklahoma statutes adopted after [the Tenth Circuit] decision in *Shirley* establish a liberty interest in parole"). Thus, the Board's wholly discretionary evaluation of factors impacting a release decision does not implicate Petitioner's Fourteenth Amendment right to due process. *See Dock v. Latimer*, 729 F.2d 1287, 1289-90 (10th Cir. 1984) (failure of parole board to follow procedures set forth in Utah statute and regulations in considering prisoner's parole eligibility did not violate prisoner's constitutional right to due process of law). Therefore, Petitioner's allegations that the parole investigation report includes improper or even false information fail to state a federal constitutional violation.[9] *See Shabazz*, 977 P.2d at 1094 ("Because no trial-

---

[9]The state district court made the following finding of facts with respect to the Board's consideration of juvenile history information:

> [T]he [Board] is a law enforcement agency as well as the designee of the Governor for the inspection of juvenile court records for the purpose of making recommendations concerning clemency for adult offenders. It is the [Board's] duty to make an impartial investigation and study of all offenders being considered for clemency. A part of the investigation and study is the juvenile history of the offender. Any information concerning an offender's juvenile history is to be kept confidential from the general public and the [Board] does not release

(continued...)

type procedure governs a parole consideration and there is no protectible liberty interest in one's earlier than his end-of-sentence release, *the [B]oard is the sole judge of what materials may be considered in the decision-making process.*") (emphasis in original).

Applying *Greenholtz, supra,* and *Shirley v. Chestnut, supra,* and the deference owed to the Oklahoma Court of Civil Appeals' decision on this issue, the undersigned finds that Petitioner has failed to show that his sentence is being executed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Accordingly, the undersigned recommends that habeas relief be denied on Petitioner's procedural due process claims.

C.    Petitioner's Substantive Due Process Claim

Liberally construed, Petitioner's claims may be read to allege that the Board violated his substantive due process rights by denying him sentence commutation or parole based upon arbitrary or constitutionally impermissible reasons, specifically, the consideration of false or inappropriate information provided by a parole investigation report. For the reasons set forth hereafter, the undersigned finds that Petitioner fails to show that such denial violated his federal constitutional rights.

---

[9](...continued)
such information to the general public. Any juvenile history information obtained by the [Board] is for the use of the agency, the members of the [B]oard, and the Governor in making informed clemency decisions.

Response, Ex. A. at 3. To the extent the district court's findings may be considered factual findings, entitled to a presumption of correctness pursuant to 28 U.S.C. § 2254(e)(1), Petitioner has presented no controverting evidence.

There are no published Tenth Circuit habeas cases addressing a substantive due process challenge to the denial of parole raised by an Oklahoma inmate.[10] However, other courts have found that no substantive due process claim exists where an inmate has no state-created liberty interest in parole. *See e.g., Johnson v. Rodriguez*, 110 F.3d at 308 (finding that Texas prisoners who have no protected liberty interest in parole cannot mount a substantive due process challenge against any state parole review procedure); *Jones v. Georgia State Bd. of Pardons & Paroles*, 59 F.3d 1145, 1150 (11th Cir. 1995) (rejecting a substantive due process claim because the inmate had no due process protected liberty interest in parole); *Bailey v. Gardebring*, 940 F.2d 1150, 1157 (8th Cir. 1991) (affirming the denial of a substantive due process claim because the inmate had no liberty interest in parole and no fundamental right to parole). *But see Burkett v. Love*, 89 F.3d 135, 139-140 (3d Cir. 1996) (finding inmate's claim that he was denied release on parole based on the exercise of his right of access to the courts was not based on the abrogation of a liberty interest but nonetheless alleged an impermissible and unconstitutional reason for the Board's action); *Block v. Potter*, 631 F.2d 233, 236 (3d. Cir. 1980) (concluding that Parole Board's use of race as one of the bases for denying parole

---

[10]The Tenth Circuit has addressed substantive due process claims brought by Colorado inmates challenging the parole board's denial of parole. *See e.g. Wildermuth v. Furlong*, 147 F.3d 1234, 1239 (10th Cir. 1998) (reviewing Colorado inmate's claim that denial of parole was based on his refusal to participate in sex offender treatment program and finding no abuse of discretion)*; Mulberry v. Soares*, No. 99-1220, 1999 WL 674498 (10th Cir. Aug. 31, 1999) (finding parole denial of Colorado prisoner constituted a sound exercise of discretion and violated no constitutional provision) (citing *Wildermuth, supra*); *but see Wildermuth* at 1237 (Anderson, J. dissenting) ("Because Wildermuth has no liberty interest in parole under Colorado's system and thus is not entitled to due process protections, he has no claim which would entitle him to relief and his petition should be been dismissed . . . without analyzing the case on the merits."). The parole system in place under Colorado law appears to differ from broad total discretion granted to the parole board under Oklahoma law. *See Shirley v. Chestnut,* 603 F.2d at 807. ("The [Oklahoma] Board's statutory guidance in the exercise of its discretion is that it act as the public interest requires . . . .").

violated substantive due process by grounding its action on "constitutionally impermissible reasons").

In *Shabazz v. Keating, supra*, the Oklahoma Supreme Court addressed an Oklahoma prisoner's substantive due process claim, specifically, that the Board denied parole based on its consideration of an improper letter from the prosecuting attorney. *Shabazz*, 977 P.2d at 1092. In rejecting the due process claim, the Court found that "there is no protectible liberty interest in an Oklahoma parole," and therefore "[n]o *due process strictures can be applied* to test the permissible parameters of the parole process. This is so because the parole function *neither* leads to *nor* may ripen into a liberty interest." *Id.* at 1093 (Emphasis in original). Accordingly, the Court concluded that "[n]o action will hence lie against the [B]oard either for expungement of public documents from the prisoner's file or for invalidation of a parole's denial." *Id.* at 1096. *See also Phillips v. Williams*, 608 P.2d 1131, 1135 (Okla. 1980) ("Oklahoma law lacks not only mandated standards of inmate-parole-release eligibility but also those that would structure eligibility for mere consideration of parole release.").

Even if a substantive due process challenge to the Board's parole decision could be raised absent a state created liberty interest, Petitioner's claim would fail because he has not alleged or shown that the Board's denial of his parole constituted an abuse of its discretion. Petitioner has attached the August 2004 Meeting Parole Docket which shows that the Board reached a unanimous decision to deny Petitioner parole. *See* Petitioner's Reply, Attachment C (August 2000 Meeting Parole Docket). The Parole Docket does not include reasons relied upon by the Board for the denial. As the Oklahoma Supreme Court

14

noted, under the Oklahoma parole statutes, the Board is the "*sole judge of what materials may be considered in the decision-making process.*" *Shabazz*, 977 P.2d at 1094 (emphasis in original).   And, because the Oklahoma parole statutory scheme creates no liberty interest, no reasons are required for the denial of parole.  *See Shirley v. Chestnut*, 603 F.2d at 807.  Therefore, the absence of such reasons cannot be relied upon by Petitioner as evidence of any improper or unconstitutional basis for denial of parole.   Accordingly, Petitioner is not entitled to habeas relief with respect to any alleged violation of his substantive due process rights.

<u>RECOMMENDATION</u>

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied.  Petitioner is advised of his right to object to this Report and Recommendation by the 9th day of February, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The objections should be filed with the Clerk of this Court.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 20th day of January, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE