IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

APR 2 8 2005

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____
DEPUTY

| | |
|---|---|
| MADYUN ABDULHASEEB a/k/a | ) |
| JERRY THOMAS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   No. CIV-03-937-W |
| | ) |
| TERRY JENKS et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

On January 20, 2005, United States Magistrate Judge Bana Roberts issued a

Report and Recommendation in this matter and recommended that the Petition for a Writ

of Habeas Corpus[1] ("Petition") filed by petitioner Madyun Abdulhaseeb a/k/a Jerry Thomas

be denied.  Abdulhaseeb was advised of his right to object, and the matter now comes

before  this  Court  on  Abdulhaseeb's  timely-filed  Objection  to  the  Report  and

Recommendation.

Upon de novo review of the record, the Court concurs with Magistrate Judge

Roberts' recommended disposition of this matter, including her determination that the

merits of the Petition should be examined without deciding whether this Court should raise

the affirmative defense of statute of limitations sua sponte despite the respondents' waiver

of such defense.

In his Petition, Abdulhaseeb has challenged the legality and/or the accuracy of

certain information that was included in the investigative reports that were considered by

---

[1]Pursuant to an Order issued by Magistrate Judge Roberts on August 28, 2003, Abdulhaseeb clarified the relief he was requesting in a pleading entitled "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" that was file-stamped on September 3, 2003.

the Oklahoma Pardon and Parole Board ("Board") when it convened in August 2000 and denied Abdulhaseeb's request for parole to the next consecutive sentence. Abdulhaseeb has alleged inter alia that respondents Terry Jenks and J.D. Daniels, identified as the Board's executive director and deputy executive director, respectively, exceeded their authority and violated his constitutional right to due process guaranteed by the fourteenth amendment to the United States Constitution, that the Board relied on certain false information as well as certain protected and confidential information and that the Board failed to follow its own rules, regulations and procedures.

Because Abdulhaseeb's claims have been adjudicated on their merits by the state courts, this Court must give deference to the determinations of those courts. In so doing, the Court finds under extant case law that Abdulhaseeb has failed to show a deprivation of his right to procedural due process and thus, failed to show that his sentence is being executed "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court finds further to the extent that Abdulhaseeb has attempted to allege a violation of his substantive due process rights that he has likewise failed to show a violation of this constitutional right.

Accordingly, the Court finds Abdulhaseeb is not entitled to the relief he has requested, including the removal of certain information from the investigative reports, and hereby

(1) ADOPTS the Report and Recommendation issued on January 20, 2005;

(2) DENIES Abdulhaseeb's Petition; and

(3) ORDERS that judgment in favor of the respondents issue forthwith.

ENTERED this 28th day of April, 2005.

LEE R. WEST
UNITED STATES DISTRICT JUDGE